UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRIAN HILL                                                                                          PLAINTIFF

v.                                      Civil No.: 6:17-CV-06065

WENDY KELLY, *et. al.*                                                                      DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Brian Hill, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P. K. Holmes, III, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 6) and his Motion to Supplement Motion for Emergency Injunctive Relief (ECF No. 10).

### I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC") Tucker Unit. Plaintiff filed a Motion for Emergency Injunction and Memorandum Brief in Support of the Motion on August 18, 2017. (ECF Nos. 6, 7). Plaintiff filed a Motion to Supplement his Motion for Injunctive Relief on August 28, 2017, stating the Supplement was intended to "[e]nsure the terms of the injunction are clearly outlined and understood for the Court." (ECF No. 10). Plaintiff alleges he has a "hit" out on him by the Aryan Gang, and as a result continues to be involved in altercations with Gang members, which have unfairly resulted in disciplinary convictions against him. These disciplinary convictions have resulted in him losing Inmate Class Status and have prevented him from being released. Plaintiff alleges he has asked repeatedly to

1

be placed in protective custody, but has continued to be housed in general population. (ECF Nos. 6, 7, 10). Plaintiff alleges this has caused him "severe pain, suffering, mental pain and suffering, irreparable harm and injury, loss of freedom, and damage beyond repair." (ECF No. 10 at 4). Plaintiff seeks the following actions from the Court with this injunction:

1. to be housed in protective custody at Delta Regional Unit;
2. to have his Class I or Class II status restored and be placed on the Parole Board hearing to be released as soon as possible;
3. to be protected from harm, threats, and any punishment by disciplinary charges or other punishment by ADC staff;
4. to be kept separate from any known or unknown Aryan Gang or other gang members in general population. (ECF No. 10 at 1-2).

Plaintiff's First Amended Complaint was filed on filed on October 5, 2017, in response to an Order by the Court. (ECF No. 17).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell*

*Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).  While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976).  The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995).  Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

### III. DISCUSSION

a. Probability of Success on the Merits.  The Court cannot grant the specific items of injunctive relief requested by Plaintiff.  Plaintiff's claims concerning his disciplinary charges and Class Status are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

The *Heck* doctrine applies to inmate disciplinary proceedings. *Edwards v. Balisok*, 520 U.S. 641 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002).  An inmate challenge to the

validity of a disciplinary conviction is barred by *Heck*. *Edwards,* 520 U.S. at 646-48. Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served. *Id.* Thus, *Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley,* 83 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 Fed App'x 571, 571-72 (8th Cir. 2011) (Plaintiff's claims regarding his disciplinary convictions, including restoration of good- time credits, declaratory relief, and damages based on those convictions were *Heck*-barred.) Plaintiff has not alleged that his disciplinary charge conviction has been reversed or otherwise set aside.

Plaintiff also requests to be housed in Delta Unit protective custody or to be kept separate from known and unknown Aryan Gang members in general population. Setting aside the impossibility of separating Plaintiff from unknown gang members, prison inmates have no right under the due process clause to be housed in certain barracks or housing units, or with certain inmates. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1991). Plaintiff's request to be protected from any further disciplinary punishment by ADC staff is also barred, particularly when Plaintiff's own allegations state he has "had to fight." (ECF No. 10 at 2). It is not the role of this Court to second-guess the judgment of prison administrators on issues of prison management unless a facially valid constitutional claim is raised. *Iron Eyes v. Henry*, 907 F.2d 810, 812 (8th Cir. 1990) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979). Here, Plaintiff's request to be housed in a specific unit does not raise a claim of constitutional magnitude.

b. Irreparable Harm: A preliminary injunction is meant to "preserve the *status quo* and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose*

*v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). Merely possible or speculative harm is not sufficient. *Chlorine Institute, Inc., v. Soo Line R.R.*, 792 F.3d 903, 915 (8th Cir. 2015).

Plaintiff alleges there is a "hit" out against him by the Aryan Gang, his requests for protective placement from Aryan Gang members have been ignored, he has been unfairly disciplined for altercations with them, and, as a result, he must stay in prison longer due to the resulting loss in Class status. Plaintiff does not, however, describe the nature of or reason for the "hit" on him by the Aryan Gang, other than to state that on his first day in the ADC an inmate called him a snitch. (ECF No. 10 at 3). Plaintiff does not identify any specific gang members to be of danger, asking only that he be protected from "known and unknown" Aryan Gang members. Plaintiff alleges pain and suffering, but does not detail any specific physical injury caused by any of the altercations. Plaintiff's claims concerning risk of harm from "known and unknown" Aryan gang members are speculative at best.

As stated above, any claims regarding a disciplinary charge or Plaintiff's class status are *Heck*-barred, and prison inmates have no right under the due process clause to be housed in certain barracks or housing units, or with certain inmates. Further, inmates do not have a constitutional right to a particular class status. *Sanders v. Norris*, 153 Fed. App'x 403, 404 (8th Cir. 2005). As such, Plaintiff has not met his burden in proving irreparable harm based on these claims. *See Goff*, 60 F. 3d at 521 (for an injunction to issue in the prison context, a constitutional or statutory right must be violated).

5

c. Balance of Interests: In balancing the harm and the injury to the Defendants if the injunction is granted, the balance favors the Defendants. Granting the injunction, as requested by Plaintiff, would amount to this Court interfering with the operation and administration of a state prison. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff,* 60 F.3d at 520.

d. Public Interest: In assessing whether the issuance of an injunction would be in the public interest, it must be remembered that the "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). In this instance, the relief Plaintiff seeks would not maintain the *status quo*; instead, the relief he seeks would require an order from this Court dictating to the ADC where Plaintiff must be housed, what Class Status he should enjoy, when he should be eligible for parole, and that Plaintiff be immune from any ADC disciplinary action. The public interest does not favor this sort of interference with the operations of the prison. The public interest weighs in favor of denying the injunction relief sought by Plaintiff.

## IV. CONCLUSION

Accordingly, I recommend Plaintiff's Motion for Emergency Injunctive Relief (ECF No. 6) and his Motion to Supplement Motion for Emergency Injunctive Relief (ECF No. 10) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is**

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 24th day of January 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE